# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO

**DAVID T. MCLEROY**
8536 CHERRY HILL ROAD
POLAND, OHIO 44514

CASE NO.:

# 4:01CV01611

*Plaintiff*

JUDGE PETER ECONOMUS

vs.

**MAG. JUDGE LIMBERT**

**METALS USA FLAT ROLLED, INC.**
**AKA METALS USA CARBON FLAT ROLLED, INC.**
1070 W. LIBERTY STREET
PO BOX 999
WOOSTER, OHIO 44691

**COMPLAINT**
**:SECURITIES FRAUD**
**:RICO VIOLATION**
**:FRAUD**

*and*

**METALS USA, INC.**
THREE RIVERWAY – SUITE 600
HOUSTON, TEXAS 77056

*and*

**TOM SHAPIRO**
1895 FLICKINGER HILL
WOOSTER, OHIO 44691

*and*

**STEPHEN BAUR**
543 BEGONIA STREET
BELLAIRE, TEXAS 77401

*Defendants*

Now comes the plaintiff, by and through legal counsel, and states for his cause of action the following:

## I. PARTIES

1. Plaintiff David T. McLeroy is an individual residing at all times relevant herein

   in Mahoning County, Ohio, and was the owner of 67% of the issued shares of

James S. Jones, LPA
10 Water Street
Poland, Ohio 44514
330-757-7700

COPIES OF COMPLAINT WITH ORIGINAL AND ___ COPIES OF SUMMONS AND MAGISTRATE CONSENT FORM ISSUED TO COUNSEL FOR PLAINTIFF ON

the Ohio corporation GSBC, Inc., dba Geneva Steel Blanking, headquartered in Youngstown, Ohio.

2. Defendant Metals Flat Rolled Inc., upon information and belief, is a wholly owned subsidiary of defendant Metals USA, Inc., conducting business at all times relevant herein in Wayne County, Ohio, and Mahoning County, Ohio. Metals Flat Rolled is a controlled corporation of the defendant Metals USA, Inc.. Metals Flat Rolled may be served with process at the address contained in the caption.

3. Defendant Metals USA, Inc. is a Delaware corporation headquartered in Houston, Texas, whose securities trade publicly on the New York Stock Exchange. Metals USA at all times relevant herein controlled the activities of Metals Flat Rolled, and did business at all times relevant herein in Wayne County, Ohio and Mahoning County, Ohio through its controlled subsidiary Metals Flat Rolled. Metals USA may be served with process at the address contained in the caption.

4. Defendant Tom Shapiro was upon information and belief at all times relevant herein an owner and officer of Metals USA, Inc. and/or Metals Flat Rolled, Inc., and a resident of Wayne County, Ohio. Shapiro may be served with process at the address contained in the caption.

5. Defendant Stephen Baur was upon information and belief at all times relevant herein an owner and officer of Metals USA and/or Metals Flat Rolled, Inc., and a resident of Texas. Baur may be served with process at the address contained in the caption.

James S. Jones, LPA
10 Water Street
Poland, Ohio 44514
330-757-7700

2

## II. JURISDICTION AND VENUE

6.  This Court has jurisdiction over the subject matter of this case, pursuant to:

    a.  15 U.S.C.A. Sec. 77v(a), because the plaintiff alleges one or more violations of Section 17 of the 1933 Securities Act;

    b.  28 U.S.C.A. Sec. 1331, because the plaintiff alleges one or more violations of Sections 10(b) and 18 of the 1934 Securities Act, 15 U.S.C.A Sec. 78 and/or Rule 10b-5, 17 C.F.R. Sec. 240.10b-5, promulgated thereunder;

    c.  18 U.S.C.A. Sec. 1964 (c) and 28 U.S.C.A. Sec. 1331 because plaintiff alleges a violation of his rights under Title IX of the Organized Crime Control Act of 1970, as amended, 18 U.S.C.A. subsection 1961 et seq.

7.  This Court has personal jurisdiction over the Defendants Metals USA and Metals Flat Rolled (hereinafter collectively "Metals") because Metals conducted negotiations for the purchase of Geneva Steel with the plaintiff in Mahoning County, Ohio.  Section 27 of the 1934 Securities Exchange Act ("SEA") provides that any suit brought under the SEA may be brought in any district wherein any act or transaction constituting the violation occurred, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found.  It has been held that Sec. 27 authorizes nationwide service of process. *Busch v. Buchman, Buchman O'Brien Law Firm* 11 F.3d 1255, 1257, Fed. Sec. L. Rep. (5th Cir. Tex. 1994).

Further, 15 U.S.C.A. Sec 78aa extends the Court's personal jurisdiction over alleged violators of Section 10(b) and/or Rule 10b-5 of the 1934 Securities Exchange Act to the full reach permitted by the due process clause. *Mariash v.*

*Morrill,* 496 F.2d 1138, 1142-43, Fed. Sec. L. Rep., 18 Fed. R. Serv. 2d 910 (2d Cir. N.Y. 1974).

8. Venue for this case is proper in this district pursuant to 15 U.S.C.A. Sec. 78aa because acts or transactions giving rise to the plaintiff's Section 10(b) or Rule 10b-5 claims occurred in said district, and because Metals maintains a principal office and transacts business in this district at its Geneva Steel operation. *Gordon v. Hohmann,* 434 F.Supp 629, 631 (S.D.N.Y. 1977). Further, any use of the instrumentalities of the mails or other interstate facilities made within the forum district constituting an important step in the consummation of the fraudulent scheme is sufficient for venue to lie in said district. *Mariash* at 1144. Metals did avail itself of the mails and other interstate facilities in the furtherance of its fraud upon the plaintiff.

Venue is further proper pursuant to 18 U.S.C.A. Sec. 1965(a) and 28 U.S.C.A. 1391(b).

### III. FACTS

9. Metals USA began operations on July 11, 1997 as a "roll-up" transaction in which eight independent companies were merged into the shell company Metals USA in exchange for stock in Metals USA. Prior to the roll-up Metals USA had little or no assets or operations. Various individuals and entities received stock in Metals USA on July 11, 1997 ("Founding Shareholders"). The Founding Shareholders were restricted from reselling their shares in Metals USA until July 11, 1998.

James S. Jones, LPA
10 Water Street
Poland, Ohio 44514
330-757-7700

4

10. On or about June 30, 1998 Metals purchased all of the shares of Geneva Steel from the plaintiff and other parties for a total price of $7,500,000.00, constituted as follows: $2,450,000.00 cash; $500,000.00 promissory note; and approximately 244,000 shares of Metals USA stock ("Transaction"). Based upon his 67% ownership of Geneva Steel, plaintiff received approximately $1,975,000.00 cash and 164,000 shares of Metals USA stock. Metals USA has continued to conduct the business of Geneva Steel from its office in Youngstown, Ohio, under the name Geneva Steel.

11. The number of Metals USA shares which plaintiff was to receive was based upon the average selling price of Metals USA shares for the ten trading days immediately preceding June 30, 1998, divided into $4,550,000.00 (the "Formula"). The ten trading days began June 16, 1998 and ended June 29, 1998. Plaintiff's actual price as finally established by the Formula was $18.625 per share.

12. The Transaction was the result of a series of meetings between plaintiff and officers of Metals. Plaintiff and Metals reached an agreement in principal to as the terms of the Transaction in mid-May, 1998, said agreement memorialized in a non-binding Letter of Intent signed by the plaintiff and Metals USA, dated May 27, 1998, attached as Exhibit A and incorporated herein. Exhibit A states an original deadline of July 31, 1998, but said date was changed to June 30.

13. Metals USA began due diligence at Geneva Steel immediately upon execuion of the Letter of Intent. After completion of its due diligence, Metals USA insisted that the closing date be moved up to June 30, 1998.

James S. Jones, LPA
10 Water Street
Poland, Ohio 44514
330-757-7700

5

14. At the time Metals offered to sell the subject shares to plaintiff Metals' shares were listed on the New York Stock Exchange.

15. On June 16, 1998, Metals USA filed a statement with the Securities and Exchange Commission indicating that the Founding Shareholders would be selling over 1.5 million shares of Metals USA stock on or after July 11, 1998. (SEC File # 333-53193.)

16. Plaintiff decided to purchase the shares of Metals USA as a result of certain material representations made to plaintiff by certain officers or agents of Metals, to wit:

    a. Statements made by Stephen R. Baur, Senior Vice President and Chief Development Officer, sometime in May, 1998, that the price of Metals USA would be $25.00 per share within 6 months, and that plaintiff should not hesitate in completing the Transaction. At the time of Baur's statements, Baur was the 14th largest shareholder of Metals USA. Baur's statements were not accompanied by cautionary or risk disclosure language as required by federal and state securities laws.

    Said statements by Baur were misleading and/or fraudulent because Baur knew or should have known that the Founding Shareholders intended to sell over 1.5 million shares of Metals USA on or near July 11, 1998, and that said sales would have a material negative impact on the price of Metals USA shares. By inducing plaintiff to complete the Transaction by June 30, rather than the original date of July 31, 1998, Baur knew or should have known that the price of plaintiff's Metals USA stock, as determined by the Formula, would be higher, resulting in plaintiff receiving less Metal USA shares.

    b. Written materials given to plaintiff, attached as Exhibit B and incorporated herein, by Tom Shapiro, Senior Vice President and member of Board of Directors and 2nd largest shareholder of Metals USA, sometime in May, 1998, that Metals USA would achieve certain strategies and objectives in the year 1999, resulting in a significant higher stock price. Exhibit B was not accompanied by cautionary or risk disclosure language as required by federal and state securities laws.

    Said actions and statements by Shapiro were misleading and/or fraudulent because Shapiro knew or should have known that the

James S. Jones, LPA
10 Water Street
Poland, Ohio 44514
330-757-7700

6

Founding Shareholders intended to sell over 1.5 million shares of Metals USA on or near July 11, 1998, and that said sales would have a material negative impact on the price of Metals USA. By inducing plaintiff to complete the Transaction prior to July 11, 1998, Shaprio knew or should have known that the price of plaintiff's Metals USA stock, as determined by the Formula, would be higher, resulting in plaintiff receiving less Metal USA shares. Shaprio was ineligible to sell any of his shares in Metals USA until 1999.

c. Statements made by Baur and Shapiro, prior to June 16, 1998, that plaintiff should move the closing date of the Transaction up to June 30, 1998, because Metals USA planned a press release on June 24 ("Press Release"), attached as Exhibit C and incorporated herein, and that Metals USA stock would "jump up" on June 24. Baur and Shapiro repeatedly pressured plaintiff into accepting the June 30th date as the closing date of the Transaction so that the 10 day Formula period could be fixed beginning on June 16. Baur and Shapiro told plaintiff that by fixing the date prior to June 24 plaintiff would receive more Metals USA shares and have an immediate gain in his shares after the June 24 Press Release.

Said statements by Baur and Shapiro was misleading and/or fraudulent because i) the information contained in the Press Release was provided to plaintiff prior to being provided to the public, ii) the Press Release information was a forward-looking statement not accompanied by cautionary or risk disclosure language as required by federal and state securities laws, made to induce plaintiff to agree to fix the Formula period prior to Metals USA's June 16, 1998 SEC registration, and iii) the Press Release information provided to plaintiff prior to its public issuance contained false information, in that Metals USA had not completed the purchase of Geneva Steel as of June 24, 1998.

Further, Baur and Shapiro knew or should have known that the Founding Shareholders intended to sell over 1.5 million shares of Metals USA on or near July 11, 1998, and that said sales would have a material negative impact on the price of Metals USA. By inducing plaintiff to complete the Transaction prior to July 11, 1998, Baur and Shapiro knew or should have known that the price of plaintiff's Metals USA stock, as determined by the Formula, would be higher, resulting in plaintiff receiving less Metal USA shares.

Further, by inducing plaintiff, *prior to June 16, 1998,* to agree to complete the Transaction by June 30, 1998, and to begin the Formula period on June 16, Baur and Shapiro made a material omission of the fact that Metals USA was set to disclose via its June 16 SEC filing the sale of over 1.5 million shares by the Founding Shareholders.

James S. Jones, LPA
10 Water Street
Poland, Ohio 44514
330-757-7700

17. Subsequent to the Transaction, and after holding his Metals USA shaes for the required period, Plaintiff sold approximately 15,000 of his shares in Metals USA for prices ranging between $10 and $14 per share, and sold his remaining approximately 150,000 shares at approximately $3 per share.

## IV. SECURITIES FRAUD

18. Plaintiff incorporates by reference the factual allegations contained in paragraphs 1 through 17.

19. In the Transaction, plaintiff was a buyer and seller, and Metals a seller/issuer. *Kardon v. National Gypsum Co.*, 69 F. Supp. 512 (E.D. Pa. 1946); *Supt. Of Insurance v. Bankers Life & Casualty Co*, 404 US 6, 10, 92 SCt 165 (1971); *Dupuy v. Dupuy*, 551 F2d 1005 (5th Cir 1977); *Bredehoeft v. Cornell*, 236 F.Supp 557 (D. Ore. 1966).

20. Metals made the material representations and omissions set forth in paragraph 16 for the purpose of inducing plaintiff to purchase the shares in question.

21. At the time that Metals induced plaintiff to purchase the subject shares of Metals USA, Stephen Baur and Tom Shapiro knew or, in the exercise of reasonable care should have known, that the material representations and omissions set forth in paragraph 16 were untrue.

22. At the time that Stephen Baur and Tom Shapiro induced plaintiff to purchase the subject shares of Metals USA plaintiff did not know, nor could in the exercise of reasonable diligence have known, that the material representations and omissions set forth in paragraph 16 were untrue.

James S. Jones, LPA
10 Water Street
Poland, Ohio 44514
330-757-7700

8

23. The material representations and omissions made by the defendants are violative of Section 17 of the 1933 Securities Act, and Sections 10(b) and 18 of the 1934 Securities Exchange Act, and/or Rule 10b-5 promulgated thereunder.

24. Plaintiff has suffered and continues to suffer damages as a direct result of the defendants' securities fraud.

## V. RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT VIOLATION

25. Plaintiff restates the allegations contained in paragraphs 1 through 24 as if fully rewritten herein.

26. Metals USA purchase of Geneva Steel was conducted through an enterprise engaged in and the activities of which affect interstate commerce, to wit: a corporation incorporated under the laws of Delaware, doing business throughout the United States, which conspired to fraudulently acquire the assets of Geneva Steel in Ohio.

27. Metals Flat Rolled is a participant in said enterprise engaged in and the activities of which affect interstate commerce, to wit: a corporation incorporated under the laws of Ohio, upon information and belief, doing business within and without the State of Ohio, which conspired to fraudulently acquire the assets of Geneva Steel.

28. Defendants Stephen Baur and Thomas Shapiro, as persons within the meaning of 18 U.S.C.A Sec. 1961(3), received income derived, directly or indirectly, from a pattern of racketeering activity which was used to acquire an interest in said enterprise in violation of 18 U.S.C.A. Sec. 1962(a).

James S. Jones, LPA
10 Water Street
Poland, Ohio 44514
330-757-7700

9

29. Defendants Stephen Baur and Thomas Shapiro, as persons within the meaning of 18 U.S.C.A Sec. 1961(3), through a pattern of racketeering activity, acquired, directly or indirectly, an interest in said enterprise in violation of 18 U.S.C.A. Sec. 1962(b).

30. Defendants Stephen Baur and Thomas Shapiro, as persons within the meaning of 18 U.S.C.A Sec. 1961(3), and as persons employed by said enterprise, conducted and participated, directly and indirectly, in the conduct of the affairs of said enterprise through a pattern of racketeering activity in violation of 18 U.S.C.A. Sec. 1962(c).

31. The predicate acts which constitute this pattern of racketeering are:

    a. Throughout 1998, Metals USA, Inc. continued to register additional sales of its stock with the Securities Exchange Commission for the purpose of acquiring companies.

    b. On several occasions in 1998, personnel of Metals USA and Metals Flat Rolled inspected the books and operations of Geneva Steel for the purpose of acquiring the assets of Geneva Steel.

    c. Stephen Baur and Tom Shaprio were two of the personnel who were actively engaged in persuading the plaintiff to sell Geneva Steel to Metals USA.

        i) Specific behavior by Baur included statements in May, 1998, that the price of Metals USA would be $25.00 per share within 6 months, and that plaintiff should not hesitate in completing the Transaction. At the time of Baur's statements, Baur was the 14th largest shareholder of Metals USA. Baur knew or should have known that the Founding Shareholders intended to sell over 1.5 million shares of Metals USA on or near July 11, 1998, and that said sales would have a material negative impact on the price of Metals USA. By inducing plaintiff to complete the Transaction prior to July 11, 1998, Baur knew or should have known that the price of plaintiff's Metals USA stock, as determined by the Formula, would be higher, resulting in plaintiff receiving less Metal USA shares. Said result would directly benefit

Baur in the form of less dilution of his percentage ownership of Metals USA.

ii)    Specific behavior by Shapiro included written materials which he gave to plaintiff, attached as Exhibit B and incorporated herein, sometime in May, 1998, that Metals USA would achieve certain strategies and objectives in the year 1999, resulting in a significant higher stock price. Shaprio was ineligible to sell any of his shares in Metals USA until 1999.

Shapiro knew or should have known that the Founding Shareholders intended to sell over 1.5 million shares of Metals USA on or near July 11, 1998, and that said sales would have a material negative impact on the price of Metals USA. By inducing plaintiff to complete the Transaction prior to July 11, 1998, Shaprio knew or should have known that the price of plaintiff's Metals USA stock, as determined by the Formula, would be higher, resulting in plaintiff receiving less Metal USA shares. Said result would directly benefit Shapiro in the form of less dilution of his percentage ownership of Metals USA.

iii)    Further specific behavior by both Baur and Shapiro were statements made by Baur and Shapiro, prior to June 16, 1998, that plaintiff should move the closing date of the Transaction up to June 30, 1998, because Metals USA planned a press release on June 24 ("Press Release"), attached as Exhibit C and incorporated herein, and that Metals USA stock would "jump up" on June 24. Baur and Shapiro repeatedly pressured plaintiff into accepting the June 30th date so that the 10 day Formula period could be fixed beginning on June 16. Baur and Shapiro told plaintiff that by fixing the date prior to June 24 plaintiff would receive more Metals USA shares and have an immediate gain in his shares after the June 24 Press Release.

Baur and Shapiro knew or should have known that the Founding Shareholders intended to sell over 1.5 million shares of Metals USA on or near July 11, 1998, and that said sales would have a material negative impact on the price of Metals USA. By inducing plaintiff to complete the Transaction prior to July 11, 1998, Baur and Shapiro knew or should have known that the price of plaintiff's Metals USA stock, as determined by the Formula, would be higher, resulting in plaintiff receiving less Metal USA shares.

Further, by inducing plaintiff, *prior to June 16, 1998,* to complete the Transaction by June 30, 1998, and to begin the Formula period on June 16, Baur and Shapiro made a material omission of the fact that Metals USA was set to disclose via its June 16 SEC filing the sale of over 1.5 million shares by the Founding Shareholders.  Said statements and omissions by Baur and Shapiro would directly benefit Baur and Shapiro in the form of less dilution of their respective percentage ownership of Metals USA.

32. These three acts of racketeering, occurring within ten years of one another, constitute a pattern of racketeering activity within the meaning of 18 U.S.C.A. Sec. 1961(5).

33. Plaintiff was injured in his business and property by reason of this violation of 18 U.S.C.A. Sec. 1962, in that, as a direct and proximate result of the defendants' complained of acts, plaintiff suffered damages, including loss of his company, Geneva Steel, which Metals USA has essentially closed, loss of employment at Metals USA, and dimunition in value of his Metals USA stock.

## VI. STATE FRAUD CLAIM

34. Plaintiff restates the allegations contained in paragraphs 1 through 33 as if fully rewritten herein.

35. The defendants, individually and collectively, made a material misrepresentation of facts to the plaintiff to induce plaintiff to sell his company.  Said misrepresentations by the defendants were willful, wanton, and intentional, and plaintiff justifiably relied on said misrepresentations, and as a direct and proximate result suffered and continues to suffer damages.

James S. Jones, LPA
10 Water Street
Poland, Ohio 44514
330-757-7700

## VII. STATE SECURITIES FRAUD VIOLATION

36. Plaintiff restates the allegations contained in paragraphs 1 through 35 as if fully rewritten herein.

37. The defendants, individually and collectively, violated Ohio Revised Code Sections 1707.44(B)(4), (E), (G), (J), and (K).

38. As a direct and proximate result of defendants' actions, plaintiff has and continues to suffer damages.

## VIII. DAMAGES

As a result of the defendants' actions plaintiff is entitled to recover from the defendants, jointly and severally:

    a.  Actual damages in the amount of $2,500,000.00, which represents the value paid by plaintiff for Metals USA shares less value received;

    b.  For threefold damages actually sustained and the costs of this suit, in a sum not less than $7,500,000.00, including reasonable attorney's fees, pursuant to 18 USCA Sec. 1964 (c) with interest thereon at the rate of 10 per cent per annum;

    c.  For such other and further relief as the Court may deem appropriate pursuant to 18 U.S.C.A. Sec. 1964; and

    d.  For such other and further relief as the Court may deem proper and just in the premises.

    e.  For trial by jury on all issues so triable.

Respectfully submitted,

JAMES S. JONES (0064099)
ATTORNEY FOR PLAINTIFF
10 WATER STREET
POLAND, OHIO 44514
330-757-7700

**INSTRUCTIONS TO THE CLERK:** Please issue summons and a true copy of the Complaint to the parties at the addresses contained in the captions.

JAMES S. JONES

James S. Jones, LPA
10 Water Street
Poland, Ohio 44514
330-757-7700

13